UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALISON HOOS SHEFFIELD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| FIRSTSOURCE ADVANTAGE, LLC. ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Alison Hoos Sheffield, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Alison Hoos Sheffield ("Sheffield" or "Plaintiff"), is a resident and citizen of the state of Alabama, Shelby County, is over the age of twenty-one (21) years, and is a "consumer" as defined by the FDCPA.

2. The Defendant, FirstSource Advantage, LLC ("Defendant") is a New York company with its principal place of business in the state of New York. The Defendant is engaged in the

business of collecting consumer debts from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. Plaintiff obtained a credit card from Capital One Bank.

4. Plaintiff used the credit card to make purchases for personal, family, and/or household uses.

5. Allegedly, Plaintiff fell behind in her payments on the credit card and Capital One engaged the Defendant to attempt to collect the alleged debt.

6. Beginning in June, 2008, the Defendant began a campaign of harassment and abuse towards Plaintiff in an attempt to collect the alleged debt.

7. An agent/employee of Defendant called Plaintiff at her home in Shelby County Alabama in June, 2008 and attempted to collect the alleged debt from her.

8. The agent/employee failed to state that he was a debt collector, and that he was attempting to collect a debt, and that any information obtained would be used for that purpose.

9. The agent/employee also failed to provide Plaintiff with her validation rights pursuant to 15 U.S.C. § 1692g.

10. The agent/employee told Plaintiff that she had to make a payment of at least 10% of the alleged debt "today" or the agent/employee would "mark her" as "a refusal to pay."

11. The Plaintiff told the agent/employee that she could make a payment but not in the amount that the agent/employee was insisting.

12. The agent/employee became extremely rude and belligerent towards Plaintiff, and tried to humiliate and shame her into making a payment that she could not afford.

13. The agent/employee very adamantly and rudely told the Plaintiff that she needed to get a job and pay her bills.

14. The agent/employee also called the Plaintiff a "piece of shit."

15. The Plaintiff became so upset on the phone call that she was crying uncontrollably and the conversation became so heated that she had no choice but to hang up on the call.

16. Later, when the Plaintiff was able to collect her emotions and calm down, she called the Defendant and asked to speak with the manager. Another agent/employee of Defendant picked up the line and the Plaintiff complained to the "manager" about the actions and language of the previous collector, and even apologized for her own emotional breakdown.

17. A few weeks later, an agent/employee called the Plaintiff's home and spoke with Plaintiff's husband, Jody.

18. Again, the agent/employee failed to state that he was a debt collector, and that he was attempting to collect a debt, and that any information obtained would be used for that purpose.

19. The agent/employee demanded that Plaintiff make at least a $200.00 payment or she would be "marked as a refusal to pay."

20. The agent/employee also threatened to sue the Plaintiff and put a lien against her house.

21. The Plaintiff's husband offered to make a payment on the alleged debt, but explained to the agent/employee that their current financial situation did not allow them to make a payment as large as the Defendant was insisting.

22. The Defendant refused to accept the offered payment from Plaintiff's husband.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

23. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to alleged consumer debt(s).

25. The Defendant violated §1692d by using harassment and abusive means in attempting to collect a debt.

26. The Defendant violated §1692b by contacting third parties for no authorized purpose.

27. The Defendant used false representations and/or deceptive means to attempt to collect a debt in violation of §1692e, including but not limited to §§(2),(7), and (10).

28. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

31. The Defendant knew or should have known that said conduct was improper.

32. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

33. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

34. As a result of the Defendant's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

35. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

36. The Defendant knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. The Defendant knew or should have known that the said conduct was improper and illegal.

38. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

39. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

40. As a result of the Defendant's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

41. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

42. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

43. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

44. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

45. Said communications constitute the wrongful intrusion into his solitude and seclusion.

46. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

47. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, the Defendant.

48. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

49. By committing these acts and omissions against Plaintiff, the agents/employees were

motivated to benefit their principal, the Defendant.

50. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy; and,

F. Such other relief that this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

_/s/ W. Whitney Seals_
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_/s/ Michael W. Lindsey_
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone (205) 970-2233